UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TERRANCE SWANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:22-cv-00188-JPH-MJD |
| ) | |
| FRANK VANIHEL, ) | |
| JERRY SNYDER, ) | |
| CHARLES DUGAN, ) | |
| VANSCHOYCK, ) | |
| JACK HERNDRIX, ) | |
| ) | |
| Defendants. ) | |

**Order Screening Amended Complaint and Directing Further Proceedings**

Plaintiff Terrance Swann is a prisoner currently incarcerated at Wabash Valley Correctional Facility ("Wabash Valley"). He filed this civil action alleging Defendants violated his due process rights by not providing him periodic and meaningful reviews while he was in administrative segregation from October 2020 to October 2021. Because the plaintiff is a "prisoner," this Court has an obligation to screen the amended complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

The amended complaint names six defendants: Frank Vanihel, Jerry Snyder, Randell Purcell, Charles Dugan, Case Worker VanSchoyck, and Jack Hendrix. The amended complaint makes the following allegations.

In 2019, Plaintiff sued several Wabash Officials for failing to provide him meaningful reviews while in segregation. He was released from segregation during the pendency of that case and transferred to New Castle Correctional Facility. Plaintiff was transferred back to Wabash Valley and then placed back in administrative segregation on October 28, 2020. He remained there until October 2021.

During the time he was in administrative segregation, Defendants did not provide him with meaningful or periodic reviews. Defendants would make false entries on these reviews and would often take Plaintiff's signature without explaining anything. Plaintiff seeks compensatory and punitive damages.

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, Mr. Swann has plausibly stated a due process claim against all defendants. He alleges he was placed in administrative segregation from October 2020 to October 2021, and none of the Defendants

provided him with periodic and meaningful reviews. This plausibly states a due process claim. *Isby v. Brown*, 856 F.3d 508, 524–26 (7th Cir. 2017) (holding the due process clause requires that jail officials provide periodic and meaningful reviews of inmates in administrative segregation to determine whether the inmate continues to pose a threat); *see also Proctor v. LeClaire*, 846 F.3d 597, 610 (2d. Cir. 2017) ("It is not enough for officials to go through the motions of nominally conducting a review meeting when they have developed a pre-review conclusion that the inmate will be confined in [segregation] no matter what the evidence shows."). Mr. Swann's due process claim against all Defendants **shall proceed**.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through December 20, 2022,** in which to identify those claims. Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

### IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Frank Vanihel, Jerry Snyder, Randell Purcell, Charles Dugan, Case Worker VanSchoyck, and Jack Hendrix in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on November 21, 2022, dkt [11], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

**SO ORDERED.**

Date: 12/2/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Electronic service to Indiana Department of Correction:

    Frank Vanihel
    Jerry Snyder
    Randell Purcell
    Charles Dugan
    Case Worker VanSchoyck
    Jack Hendrix
    (All at Wabash Valley Correctional Facility)

TERRANCE SWANN
956680
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
CARLISLE, IN 47838
Electronic Service Participant – Court Only